**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MARY R. CROOK,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:09-CV-163-O** |
| | ) | **ECF** |
| **PRIVATE MINI STORAGE,** | ) | |
| **Defendant.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has

been referred to the United States Magistrate Judge. The findings, conclusions and

recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**Parties:**

Plaintiff has filed an unspecified civil action.  She is proceeding pro se, and has been

granted leave to proceed *in forma pauperis*.  Defendant is Private Mini Storage.

**Factual background:**

On January 26, 2009, Plaintiff filed a mostly unintelligible complaint.  On February 18,

2009, the Court sent Plaintiff a Magistrate Judge's Questionnaire ("Questionnaire") seeking

information regarding her claims.  On February 24, 2009, Plaintiff filed her response to the

Questionnaire.  Plaintiff appears to claim that Private Mini Storage unlawfully appropriated her

clothes and a television.  (*See* Magistrate Judge's Questionnaire, Answer No. 4).

**Discussion:**

Federal courts are courts of limited jurisdiction.  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

Plaintiff asserts no federal statutory or constitutional basis for this suit based on the loss of her personal property.  Her claims appear to arise under state law.  Federal courts have no jurisdiction over such claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.  In this case, Plaintiff lists her address and Defendant's address as Dallas, Texas.  Plaintiff therefore does not allege the diversity of citizenship necessary to proceed under § 1332.  *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (holding that "[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

Courts have a continuing obligation to examine the basis for jurisdiction.  *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).  The Court may sua sponte raise the jurisdictional issue at any time.  *Id.*  Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter."  Because it appears that the Court lacks subject matter jurisdiction, this action should be dismissed.

**RECOMMENDATION:**

The Court recommends that this case be dismissed for lack of subject matter jurisdiction.

Signed this 27th day of April, 2009.



PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150, (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).